# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Regina M. Rodriguez

Civil Action No. 25-cv-03307-RMR

HUMBERTO ROMEU-PEREZ,

     Petitioner,

v.

KRISTI NOEM, Secretary, U.S. Department of Homeland Security,
TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement,
ROBERT HAGAN, Field Office Director, U.S. Immigration and Customs Enforcement, and
JUAN BALTAZAR, Warden, Aurora Detention Center,
in their official capacities,

     Respondents.[1]

---

## ORDER

---

This matter is before the Court on Petitioner's Motion for Order to Show Cause and to Reconsider (ECF No. 40).[2] The Court ordered Respondents to show cause as to whether or not Mexico or any other country will accept Petitioner. ECF No. 45. Respondents filed their response to the Order to Show Cause. ECF No. 46. In the response, Respondents have indicated that the government of Mexico will accept

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Markwayne Mullin is automatically substituted in place of Kristi Noem as the new Secretary of Homeland Security, and George Valdez is automatically substituted in place of Robert Hagan as Acting Field Office Director.
[2] Respondents filed a Response, ECF No. 43, and Petitioner filed a Reply, ECF No. 44.

Petitioner for removal, but Petitioner must comply with Respondents' removal efforts. ECF No. 46 at 2.

Judge Sweeney recently considered a very similar set of facts involving a Petitioner's refusal to sign a Notice of Removal. See *Anthony Jonathan Hernandez Montes v. Dawn Ceja et al.,* 2026 WL 1469231, at *2 (D. Colo. May 26, 2026) ("*Hernandez Montes*")3. In *Hernandez Montes* Petitioner was a Nicaraguan citizen who refused to sign a third country Notice of Removal. *Id.* Judge Sweeney reasoned that, "[f]undamentally, Petitioner's acknowledged refusal to sign the Notice of Removal 'does not raise the specter of indefinite detention that might otherwise give rise to a valid habeas claim.'" *Id.* (citing to *Alhadje v. Guadian*, No. 1:25–cv– 04153–CNS, 2026 WL 783726, at *1 (D. Colo. Mar. 20, 2026) (quoting *Abiodun v. Mukasey*, 264 F. App'x 726, 729 (10th Cir. 2008)). Judge Sweeney ultimately held that "Petitioner's refusal to sign such a document is fatal to his request for habeas relief" and denied his habeas petition. *Id.*

Here, Respondents have made a clear showing that the only thing preventing Respondents from effectuating Petitioner's removal is Petitioner's own refusal to sign the Notice of Removal. Accordingly, Petitioner's Motion for Order to Show Cause and to Reconsider Denial of Application for Habeas Corpus (ECF No. 40) is **GRANTED IN PART**, with respect to the Order to Show Cause, **and DENIED IN PART**, with respect to reconsideration of the denial of his habeas petition. The Court's order (ECF No. 47) is vacated, and Respondents may remove Petitioner Humberto Romeu-Perez from the United States. Counsel for Respondents shall notify the Court of Petitioner's removal by filing a status report within five business days of that removal.

2

DATED at Denver, Colorado, June 29, 2026.

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge